IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SWAN B. MOSS, III, et al.                                                                        PLAINTIFFS

v.   Consolidated Action
Case No. 4:12-cv-4030

UNITED STATES OF AMERICA                                                              DEFENDANT

**ORDER**

Before the Court is Plaintiffs' Motion to Strike the United States' Reply Brief. ECF No. 59. Defendant, United States of America, has filed a response to the motion. ECF No. 61. The matter is ripe for the Court's consideration.

This is a consolidated action comprised of eleven similar cases arising from the deaths of twenty campers in a tragic flood incident in 2010 at the Albert Pike Recreation Area, which is a public recreation area managed by the United States Forest Service. Defendant filed a renewed motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) arguing that the Court is without subject matter jurisdiction based on the immunity provided to Defendant by the Arkansas Recreational Use Statute ("ARUS"). ECF No. 31. After Defendant filed its motion to dismiss, the Court, upon request by Plaintiffs, decided to allow limited jurisdictional discovery as to the applicability of the ARUS. The Court limited the discovery to written discovery and a maximum of five depositions.

Plaintiffs sought to take the depositions of six individuals associated with the United States Forest Service. Defendant denied Plaintiffs' request and noted that if additional testimony was needed, Plaintiffs should address it with the Court. Plaintiffs did not seek the Court's

permission to take any additional depositions or conduct further discovery, and Plaintiffs filed their response to Defendant's motion to dismiss. ECF No. 52. Defendant filed a reply in support of its motion to dismiss along with a declaration of Kathryn Duncan, a declaration of Tim Fincham, and a declaration of William Pell.[1] ECF No. 58. Defendant identified all three of these potential witnesses during the period of limited discovery, but Plaintiffs did not choose to depose any of these three potential witnesses as part of their allotted five depositions.

The declaration of Kathryn Duncan attached to Defendant's reply includes testimony regarding the process associated with the National Environmental Policy Act of 1969, 42 U.S.C. §§ 4321, *et seq.*, which requires federal agencies to assess the environmental effects of their proposed actions prior to planning and decision-making. Tim Fincham's designation attached to the reply includes a reference to a map developed in June 2015 to depict the location of prior flooding events. The declaration of William Pell attached to the reply includes testimony regarding revenues derived from camping at the Albert Pike Recreational Area and their correlation to other Albert Pike Recreational Area revenues.

Plaintiffs argue that Defendant could have filed this evidence with its motion to dismiss and that allowing Defendant to file it with its reply is unfair to Plaintiffs. Thus, Plaintiffs move the Court to strike Defendant's reply pursuant to Federal Rule of Civil Procedure 6(c)(2) and Local Rule 7-2(c). In the alternative, Plaintiffs request the ability to depose Kathryn Duncan, William Pell, and Tim Fincham.

Rule 6(c)(2) states that "[a]ny affidavit supporting a motion must be served with the motion." Fed. R. Civ. P. 6(c)(2). Local Rule 7-2(c) provides that where a motion requires consideration of facts not appearing in the record, then such documents or evidence, including

---

[1] Defendant attached to its motion to dismiss declarations of Tim Fincham and Bill Pell. The declarations attached to Defendant's reply were more extensive.

affidavits, necessary to support the motion must be filed when the motion is filed. Notably, both rules are silent on the proper time to file affidavits that support a reply.

In the present case, Defendant filed its Rule 12(b)(1) motion to dismiss without the benefit of discovery. Plaintiffs, however, were allowed to conduct discovery before filing a response and an 81-page brief in support of its response. Plaintiffs' argument that Defendant could have presented the evidence contained in the declarations of Kathryn Duncan, Bill Pell, and Tim Fincham with its motion to dismiss is flawed.

Defendant could not have anticipated which witnesses would be deposed during the limited discovery period and what factual assertions, arguments, and challenges Plaintiffs would assert after the completion of discovery. "[C]ourts have held that filing an affidavit with a reply is appropriate when the affidavit addresses matters raised in the opposition." *Kershner v. Norton*, No., Civil Action No. 02-1887 (RMU), 2003 WL 21960605, at *2 (D.D.C. Aug. 14, 2003) (citing *McGinnis v. Southeast Anesthesia Assocs.*, 161 F.R.D. 41, 42 (W.D.N.C. 1995); *Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb, Inc.*, 767 F. Supp. 1220, 1235 (S.D.N.Y.1991)); *see Stewart-Patterson v. Celebrity Cruises, Inc.*, No. 12-20902-CIV, 2012 WL 5997057 at *1 (S.D. Fla. Nov. 30, 2012). "Such an approach fulfills the purpose of Rule 6(d), which is to avoid unfair surprise and permit the court to resolve motions on the merits." *Kershner*, 2003 WL 21960605 at *2 (citing *McGinnis,* 161 F.R.D. at 42). In the present case, Defendant's reply brief appropriately addressed new and unanticipated arguments made in Plaintiff's response and supplemented arguments included in its motion to dismiss. *See Key v. Shelby Co.*, 551 F. App'x. 262 (6th Cir. 2014) (stating that reply affidavits merely responding to arguments presented in a response are not new evidence).

Accordingly, Plaintiff's Motion to Strike and alternative request to depose Kathryn

Duncan, Bill Pell, and Tim Fincham (ECF No. 59) is **DENIED**.

      **IT IS SO ORDERED**, this 28th day of September, 2017.

                                                      /s/ Susan O. Hickey
                                                      Susan O. Hickey
                                                      United States District Judge